IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **ARCHBISHOP JOCITA CANRINI WILLIAMS, PhD.D,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-01309 |
| ) | |
| **SESAC, INC.**, *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff Archbishop Jocita Canrini Williams, Ph.D.D., proceeding *pro se*, has filed a document that purports to be a "formal motion to pay all retro royalties and damages in the amount of ten million dollars to Frans House of Music/Hen-Fan/Pinecone Foundation Corp." (ECF No. 1, at 1.) The plaintiff also states that she is "Executor," and characterizes this filing as a "formal demand" for payment. (*Id.*) Along with this document, which the court construes as a complaint, the plaintiff also filed an application to proceed in district court without prepaying fees or costs (ECF No. 2), but she submitted the short form of this document, which is typically reserved for prisoner plaintiffs who seek to proceed *in forma pauperis*.

    **A.**     **Application to Proceed as a Pauper**

The Clerk of Court is hereby **DIRECTED** to send the plaintiff a blank long-form Application to Proceed in District Court Without Prepaying Fees or Costs. The plaintiff, in turn, **MUST** resubmit her application to proceed as a pauper using this long form within **30 DAYS of the date of this order**. The court will defer ruling on the plaintiff's application to proceed as a pauper until the plaintiff submits the appropriate form.

    **B.**     **Sufficiency of the Complaint**

When a plaintiff seeks to proceed in district court as a pauper, the court generally is required to conduct an initial review of the complaint, prior to service on any defendant, and to dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Sixth Circuit has stated that the screening provisions of § 1915(e)(2) apply to both prisoner and non-prisoner actions. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S.

199 (2007); *see also Baker v. Wayne Cnty. Family Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003) (confirming that § 1915(e)(2) applies to non-prisoners as well as prisoners).

Rather than dismissing the complaint *sua sponte* at this time, however, the court hereby puts the plaintiff on notice that her complaint is deficient insofar as it fails to satisfy the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure. That rule states in pertinent part:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Further, Rule 8 has been interpreted by the Supreme Court to mean that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The pleading here does not satisfy these standards: It does not state the grounds for the court's jurisdiction over the claims, does not identify the parties, does not indicate the basis for the plaintiff's standing to bring a complaint on behalf of "Frans House of Music/Hen-Fan/Pinecone Foundation Corp.," and—perhaps most important—does not allege facts which, if true, would allow the court to draw the inference that the defendant might be liable to the plaintiff under some viable legal theory. The pleading, in fact, contains no factual allegations showing misconduct on the part of the defendant(s). Instead, the plaintiff complains vaguely that the defendant(s)' discriminatory actions (which are not identified), somehow caused her deceased mother's company to go out of business.

Accordingly, along with the appropriate application to proceed as a pauper, the plaintiff **MUST** submit an amended pleading that satisfies the requirements of Rule 8(a) within **30 days** of the date of this order.

Failure to submit the requisite documents within the specified time will result in dismissal of this action for failure to prosecute and failure to comply with the court's order.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge