IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARCHBISHOP JOCITA CABRINI WILLIAMS, PhD, DD, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | |
| vs. | ) ) ) ) | CASE NO. 3:12-01309 JUDGE TRAUGER/KNOWLES |
| SESAC, INC., and SESAC, LLC, | ) ) ) ) | |
| Defendants/Counterclaimants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Motion to Reinstate Entry of Default or, Alternatively, to Set New Deadlines." Docket No. 58. Plaintiff, who is proceeding pro se and in forma pauperis, has not filed a Response to the instant Motion.

Plaintiff filed this action against Defendants on December 18, 2012. Docket No. 1. Plaintiff subsequently submitted what appears to be an Amended Complaint. Docket No. 7. Plaintiff avers that this action arises under "Section 1 and 2 of The Sherman Act, 15 U.S.C. 1 and 2 and Sections 4 and 16 of The Clayton Act, 15 U.S.C. 15 and 26." Docket No. 7, p. 1. Plaintiff describes herself as "Owner and Heir of Fran's House of Music Hen/Fan/Pinecone Foundation Corp." *Id*. Plaintiff avers that Defendants have perpetuated "the unlawful exercise of the monopoly power they have collectively conspired against and over the licensing of Plaintiff Music Publishing and performance rights agreements that was imperative to continue the operation of the publishing company, by them paying the royalties through scheduled

payments." *Id.*, p. 2.

Plaintiff refers to the death of Dr. Helen Francelle Harden, and avers that Defendants were informed of that death. Plaintiff states, "The Defendant's [*sic*] Detinue the Royalty Payments to the Business, causing the Publishing Company, first African-American female in Berkeley, California, Publisher Of Gospel Music, irritable damages, causing the 40 year legacy to close." *Id.,* p. 2. Plaintiff seeks that Defendants be permanently enjoined and restrained from directly or indirectly continuing to impose the unlawful conduct in this complaint. . . ." *Id*. Plaintiff also seeks compensation in the amount of $10 million dollars. Docket No. 7, p. 3.

Defendants filed an Answer to the Amended Complaint on March 22, 2013. Docket No. 16. Defendants generally denied that their policies or actions regarding royalty payments had resulted in any cognizable claims on behalf of, or damages to, Plaintiff. Docket No. 16, p. 3. Defendants stated, in accordance with their policy, they placed the royalty accounts of the deceased SESAC affiliate Harden on hold pending Defendants' receipt of certain documents necessary to verify the authority of any purported executor of Harden's estate or of any person claiming rights to the royalties at issue under Harden's purported Will. *Id*. Defendants stated that they had not received the necessary documentation from Plaintiff, despite repeated requests. *Id.*

Defendants also filed a "Counterclaim for Declaratory Judgment" as part of their Answer. Docket No. 16, p. 7-13. Defendants sought a declaratory judgment that Plaintiff is not entitled to collect from them the royalties attributed to the decedent Harden and the affiliated music publisher "Hen Fan Music." *Id*., p. 7. Defendants aver that they made numerous requests for appropriate documentation from Plaintiff. At some point, Plaintiff claimed to be the daughter of

the decedent Harden, and stated that she was entitled to collect royalties. Plaintiff later admitted, however, that she was not Harden's biological daughter but instead was Harden's "spiritual daughter." *Id.*, p. 9.

Plaintiff failed to file an Answer to the Counterclaim and, on April 25, 2013, Defendants filed an Application for the Entry of a Default. Docket 21. Plaintiff did not respond to the default application and the Clerk entered a default against her pursuant to Fed. R. Civ. P. 55(a). Docket No. 24. Shortly after the default was entered, Plaintiff filed a Motion to Vacate it and set it aside. Docket No. 31. Plaintiff essentially claimed that the default was taken against her "through her mistake or inadvertence or surprise or excusable neglect or all or any combination of these . . . . " *Id.*, p. 1. The Motion further stated, "Enclosed is my documentation proving that I am not acting in gross neglect." *Id.*, p. 3. No "documentation," however, was included.

Defendants did not oppose Plaintiff's request to set aside the entry of default. Docket No. 37. The undersigned subsequently entered an Order granting the Motion to Vacate the Default Judgment, primarily because Defendants did not oppose the Motion. Docket No. 46. The default judgment was vacated on February 10, 2014. *Id.*

Approximately two months later, Defendants filed the instant Motion seeking to reinstate the default previously entered against Plaintiff. Defendants point out that Plaintiff has still failed to filed a responsive pleading to their Counterclaim, even though it was due in April 2013.

Defendants cite *U.S. Sec. & Exch. Comm'n v. Merklinger,* 2012 U.S. App LEXIS 15827 (6th Cir.). *Merlinger* involved a similar situation in which the Court initially granted Plaintiff's Motion for the entry of a default. One of the Defendants filed a pro se Motion to set aside the default, which the Court granted. That Defendant subsequently filed a pro se Motion to Dismiss,

3

which was denied, but that Defendant again failed to file a timely Answer. The district court granted Plaintiff's Motion to Reinstate the Entry of Default against Defendant, and the Sixth Circuit affirmed that decision.

For the foregoing reasons, the undersigned recommends that the instant Motion be GRANTED, that the default be reinstated against Plaintiff, and that Plaintiff's claims against Defendants be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge