UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARCHBISHOP JOCITA CABRINI ) | |
| WILLIAMS, PhD, DD, ) | |
| ) | |
|     Plaintiff, ) | Case No. 3:12-1309 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| SESAC, INC. and SESAC, LLC, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

On May 20, 2014, the Magistrate Judge issued a Report and Recommendation (Docket No. 60), to which the plaintiff filed an objection requesting a continuance (Docket No. 63). On June 5, 2014, the court issued an Order giving the plaintiff "one more chance" to file a responsive pleading to the defendants' counterclaim. (Docket No. 64.) The court's June 5, 2014 Order expressly warned the plaintiff that, if she failed to file a responsive pleading by June 30, 2014, the court would accept the pending Report and Recommendation and reinstate a default judgment against her.

The plaintiff failed to meet the deadline set by the court. On July 3, 2014, after the defendants filed a document alerting the court to the plaintiff's noncompliance (Docket No. 71), the plaintiff filed a document titled "Motion for Order Vacating and Setting Aside Default" (Docket No. 72). The plaintiff's untimely filing is dated April 25, 2013 and bears a handwritten heading stating, "This is my Responsive Pleading and document 63 is A Responsive pleading as well." (*Id.*) However, as the defendants point out, neither the plaintiff's July 3, 2014 filing nor Docket No. 63 are pleadings responding to the defendants' counterclaim. The plaintiff's July 3,

1

2014 filing is a copy of Docket No. 31, which the plaintiff originally filed on May 20, 2013, and Docket No. 63 is the plaintiff's Objections to the Report and Recommendation, filed on May 30, 2014.

## ANALYSIS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1996).

As an initial matter, the plaintiff failed to file an appropriate responsive pleading within the time permitted by the court's June 5, 2014 Order. Accordingly, per the Order, the Report and Recommendation will be accepted. Moreover, even if the court were to consider the substance of the plaintiff's untimely filing, her July 3, 2014 filing, as well as Docket No. 63, fail to satisfy even the most generous reading of the Federal Rules of Civil Procedure. Rule 8 requires that, in responding to a pleading, a party must (a) state in short and plain terms its defenses to each claim asserted against it; and (b) admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Both Docket No. 63 and the plaintiff's July 3, 2014 filing, despite its handwritten title, fail to comply with both the spirit and letter of the Rules, as both documents fail to even mention the allegations of the defendants' counterclaim.

## CONCLUSION

For the reasons expressed in the Report and Recommendation, the defendants' Motion to Reinstate Entry of Default (Docket No. 58) will be **GRANTED**, default will be **REINSTATED** against the plaintiff, and the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

This Order constitutes the final judgment in this case.

It is so **ORDERED**.

Enter this 28th day of August 2014.

ALETA A. TRAUGER
United States District Judge